WAISON et al. v. INSURANCE COMPANY OF NORTH AMERICA. (a)

### Marine insurance.—Partial loss.

Where there has been a capture and condemnation, but no abandonment to the underwriters, the jury may estimate the *spes recuperandi*, deduct it from the whole amount insured, and find the remainder as a partial loss.

In an action on a policy of insurance, in which the declaration was for a total loss, and it appeared, that the assured had demanded payment of a total loss, which was refused: but there was no actual abandonment, nor offer to abandon, and the proof was of a loss in its nature total; it was *held*, that the jury might find damages as for a partial loss.

THIS was an action on a policy of insurance, in which the declaration was for a total loss. On the trial, it appeared, that the assured had demanded payment of a total loss, which the defendants refused to pay; but there was no evidence of an actual abandonment, nor offer to abandon, to the underwriters, before the suit was instituted; and the proof was of a loss in its nature total. The jury gave a verdict in favor of the plaintiff, finding damages, as for a partial loss; subject to the opinion of the court, upon a motion for a new trial, to consider two points reserved : 1st. Whether a previous abandonment, or offer to abandon, was indispensably necessary, to enable the plaintiff to recover in this suit ? And 2d. Whether, on a declaration for a total loss, and proof of a loss in its nature total, the jury can give damages for less than a total loss ?

After argument, by *M. Levy* and *Lewis*, for the plaintiffs; and by *Moylan, E. Tilghman* and *Ingersoll*, for the defendants, THE COURT (consisting of SHIPPEN, Chief Justice, and YEATES and SMITH, Justices) were of opinion, that the jury might find damages for a partial loss; although the declaration claimed for a total loss; and although there was no proof of an actual abandonment, or an offer to abandon, to the underwriters.

*284] *But BRACKENRIDGE, Justice, said, that he thought there was sufficient evidence at the trial, to induce the jury to find an abandonment; and on that ground alone, he concurred, in refusing a new trial. For the general ground, on which the opinion of the rest of the court was founded, did not appear to him so conclusive, and so satisfactory, as it did to them.

Motion for a new trial refused : and judgment rendered on the verdict for the plaintiffs.[1]

---

WILLIAMS et al., Executors of FISHER, v. PASCHALL et al.

### Award.

Equity will not relieve against an award, unless on a plain error in law or fact, specifically as such.

In debt, in an arbitration bond, a plea charging mistake on the arbitrators, without setting out the particulars, is bad, on demurrer.

DEBT, on an arbitration bond. Upon *oyer* of the bond and condition, it appeared, that the defendants, as heirs of Jonathan Paschall, had entered

---

in this suit: the proceedings to recover from him having been instituted on the settlement of the comptroller.

(c) s. c. 1 Binn. 47, which is better report of the case.

[1] In Brown v. Phœnix Ins. Co., 4 Binn. 464, Chief Justice TILGHMAN said, that he did not consider the law as settled by this decision. The court was not unanimous. " It was not acquiesced in by the bar; and would have been carried to the court of errors and appeals, had

### Williams v. Paschall.

into a bond, dated the 14th of September 1796, in the **penal sum of 500l.**, conditioned for the performance of an award, by arbitrators mutually named by them and the plaintiffs, to be made "of and concerning all matters in controversy between them respecting a certain bond given by the said Jonathan Paschall to the said James Fisher (the testator), and respecting all accounts, which they the said heirs of Jonathan Paschall may exhibit as payments in discharge of the said bond, and of and concerning all and all manner of actions, &c., respecting the said bonds and accounts, &c." The award which was set forth on the record, after reciting the bond and submission, concluded that "the arbitrators are of opinion, that the defendants are justly indebted to the plaintiffs in the sum of 310l. 11s. 4½d." The defendants pleaded specially, "that the plaintiffs ought not to have and maintain their action aforesaid against them, because they say, that the said arbitrators, in making the said award, at the time and place aforesaid, from a mere inadvertency, error, mistake and misapprehension of the law and right and justice of the case, calculated, allowed and added the full interest of six per cent. per annum, on the whole amount of the principal sum mentioned in the bond, submitted to their arbitrament, for a long time, that is to say, for twenty-six years and upwards ; although within the same time, many payments and advances had been made by these defendants, and on their account, to the said James Fisher, in his lifetime, and after his decease, to the said plaintiffs, on account of the said bond, to the full amount of the principal and interest due on the said bond ; but on which payments and advances, from a mere mistake, error and misapprehension of the law and right and justice of the case, no interest was calculated or allowed by the said arbitrators, in making and forming their said award ; nor were the said payments and advances deducted, as by law and right they ought to have been, from the moneys *due on the said bond, at the respective times, [*285 when such payments and advances were made, or at any time or times, before publishing the said award. And this the said defendants are ready to verify, &c." To this plea, the plaintiffs demurred : and it was agreed, that the court should decide—1st. Whether the award was, in itself, good. 2d. Whether, if the award was good, the plea could be sustained ?

*E. Tilghman*, in support of the demurrer, contended, that the award was good in itself ; and that the plea, which entered into the merits of the original controversy submitted to the arbitrators, was bad. 1 Ves. jr. 365.

---

the nature of the case admitted it. But being a determination on a case stated, it was supposed, that it could not be carried up by writ of error. There certainly are some weighty objections to the principle adopted by the court in that case. It takes away the necessity of abandonment, in any case whatever, without affording sufficient protection to the rights of the underwriter ; because, instead of paying for the whole loss, and receiving an assignment of the whole chance of recovery, he is compelled to relinquish that chance, and may have to pay the whole loss, deducting a trifling sum for the value of the chance. Besides, there seems an impropriety in proving a total loss, and recovering for less than a total loss. There will be great difficulty, too, in reducing the rule to practice, for, by what standard are the jury to estimate the hope of recovery ? It depends not on any known principles of law or justice, but frequently on the character, the temper, the caprice of the prince, or on secret political motives." He wished to be understood, however, as not having formed a decided opinion on the question. But Mr. Justice YEATES said, in the same case (p. 470), that he saw no reason for retracting the opinion which he formed in Jones *v.* The Insurance Co.